UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 18-Cr-879 (SHS) |
| MARCOS DE JESUS PANTALEON, | <u>OPINION & ORDER</u> |
| Defendant. | |

SIDNEY H. STEIN, U.S. District Judge.

    On August 20, 2019, defendant Marcos de Jesus Pantaleon pled guilty to one count of conspiracy to commit wire fraud for his involvement in a tax fraud scheme that used the stolen identities of actual children to defraud the Internal Revenue Service out of millions of dollars.  On January 15, 2020, this Court sentenced Pantaleon to 20 months' imprisonment, substantially below the Guideline Range of 33 to 41 months. Pantaleon surrendered to the Bureau of Prisons (BOP) on February 28, 2020 for the service of his sentence.

    Pantaleon has now filed a pro se motion seeking compassionate release because the COVID-19 outbreak "has made [him] very, very anxious" about the safety of his wife and three minor children, who currently reside in a shelter in New York City. (Def. Mot. at 1, ECF No. 208.) Pantaleon is 29-years-old. He does not assert any chronic conditions or illnesses, and rests his application on the existence of the COVID-19 pandemic and his concern for his family.

    Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce the defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

    Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 944(t). The Sentencing Commission's policy statement and its corresponding commentary on section 3582(a)(1)(A) provide three circumstances under which "extraordinary and compelling reasons exist":

1. where the defendant's medical condition, such as a "terminal illness" or "a serious physical or medical condition," justifies a sentence reduction;

2. where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment"; and

3. where the defendant's family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," support a sentence reduction.

U.S.S.G. § 1B1.13 cmt. 1(A)–(C). Even where these circumstances are not present, the commentary also contemplates that extraordinary and compelling reasons may exist, if "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described." *Id.* § 1B1.13 cmt. 1(D).

As several courts have noted, however, U.S.S.G. § 1B1.13 has not been amended following the enactment of the First Step Act, which allowed—for the first time—defendants to seek compassionate release on their own motions. *See, e.g., United States v. Lisi*, No. 15-CR-457 (KPF), 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020); *United States v. Ebbers*, No. 02-CR-11443 (VEC), 2020 WL 91399, at *4–5, *4 n.6 (S.D.N.Y. Jan. 8, 2020); *United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294, at *2 (S.D.N.Y. Apr. 14, 2020). In light of the new compassionate release authority provided by the Act, a majority of district courts have concluded that "the amendments made to 18 U.S.C. § 3582(c)(1)(A) grant this Court the same discretion as that previously give[n] to the BOP Director, and therefore the Court may independently evaluate whether [a defendant] has raised an extraordinary and compelling reason for compassionate release." *Lisi*, 2020 WL 881994, at *3.

At the threshold, Pantaleon does not indicate whether he sought relief from the warden of his facility or took any other steps to exhaust his administrative remedies before seeking compassionate release. But the Court need not address this issue because a reduction of Pantaleon's sentence is not otherwise warranted for several reasons.

First, the Court cannot conclude that Pantaleon's express reason for requesting compassionate release—his understandable concern for his wife and children—qualifies as an extraordinary and compelling circumstance. The Sentencing Commission describes certain "family circumstances" that constitute extraordinary and compelling circumstances for a defendant's release, namely "[t]he death or incapacitation of the caregiver of the defendant's minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver." U.S.S.G. § 1B1.13 cmt. 1(C). Although the Court is sympathetic to Pantaleon's deep concern for his family during these challenging times, this reason alone is not a sufficient basis to grant his early release.

Pantaleon cannot otherwise establish an extraordinary and compelling reason under the Sentencing Commission's current policy statement. According to the Presentence Investigation Report (PSR), the defendant stated that he is in "perfect" health, with no chronic conditions. (PSR ¶ 129, ECF No. 131.) He reported no history of hospitalization, no known allergies, and "no history of mental or emotional problems." (*Id.* ¶ 129, 131.) *See, e.g., United States v. Pinto-Thomaz*, No. 18-CR-579 (JSR), 2020 WL 1845875, at *3 (S.D.N.Y. Apr. 13, 2020) (denying defendants' motions for compassionate release because both are young and healthy, among other reasons); *United States v. Nwankwo*, No. 12 CR 31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020) (denying defendant's motion for compassionate release because he "is young and has not alleged any serious underlying health risks beyond the threats posed by COVID-19 itself"); *United States v. Saldana*, No. 15-CR-712 (KMW), 2020 WL 2395081, at *2 (S.D.N.Y. May 12, 2020) (concluding that defendant has not demonstrated extraordinary and compelling circumstances exist because he is 29-years-old and does not suffer from any known underlying health conditions).

Moreover, the Court cannot find that the application of the section 3553(a) factors favors an early release. Indeed, factors such as "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" weigh against Pantaleon's release. 18 U.S.C. § 3553(a). Converting Pantaleon's sentence to one of home confinement, when he is a healthy 29-year-old who has served merely two months of a 20-month term of incarceration, would disserve these important section 3553(a) factors. *See, e.g., United States v. Credidio*, No. 19 Cr. 111 (PAE), ECF No. 62 (S.D.N.Y. Mar. 30, 2020) (denying, as inconsistent with section 3553(a) factors, compassionate release motion for reduction of sentence to home confinement for recently sentenced 72-year-old defendant where defendant had served only two months of a 33-month sentence); *United States v. Walter*, No. 18 Cr. 834 (PAE), ECF No. 469 (S.D.N.Y. April 16, 2020) (denying compassionate release motion where defendant had served only 17 months of a 62-month term sentence).

Accordingly, IT IS HEREBY ORDERED that Pantaleon's motion for compassionate release is denied without prejudice on the grounds that no extraordinary and compelling reasons exist and the section 3553(a) factors do not weigh in favor of his release.

Dated:  New York, New York
        May 18, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

3